# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### BALTIMORE DIVISION

| | | |
|---|---|---|
| **U.S. Equal Employment** | ) | |
| **Opportunity Commission,** | ) | **Civil Action No.** |
| George H. Fallon Federal Building | ) | |
| 31 Hopkins Plaza, Suite 1432 | ) | |
| Baltimore, MD 21201 | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **COMPLAINT** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMAND** |
| **Cracker Barrel Old Country Store, Inc.,** | ) | |
| C/O The Corporation Trust, Incorporated | ) | |
| 2405 York Rd, Suite 201 | ) | |
| Lutherville-Timonium, MD 21093 | ) | |
| | ) | |
| **Defendant.** | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Donte Kess ("Kess"), who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant Cracker Barrel Old Country Store, Inc. ("Defendant") unlawfully discriminated against Kess by refusing to hire him based on his disability (deafness).

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

<u>PARTIES</u>

3.     Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been a corporation doing business and operating within the State of Maryland with at least fifteen (15) employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

6.     At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

<u>ADMINISTRATIVE PROCEDURES</u>

7.     More than thirty days prior to the institution of this lawsuit, Kess filed a charge

with the Commission alleging violations of Title I of the ADA by Defendant.

8.      On or around May 21, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letters of Determination.

10.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     On or around June 18, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

13.     Defendant engaged in unlawful employment practices in violation of Sections 102(a) of Title I of the ADA, 42 U.S.C. §§ 12112(a) in or around June 2016 when it refused to hire Kess because of his disability.

a.      At all relevant times, Kess was an individual with an actual disability as defined by the ADA.

b.      Kess became profoundly deaf in both ears at age three due to an illness.

c.      Kess is substantially limited in the major life activities of hearing and speaking.

d.      In or around June 2016, Kess applied for a job with Defendant as a dishwasher.

e.      Kess had extensive successful experience as a dishwasher and was qualified to perform the essential functions of the dishwasher position as defined by the ADA.

f.      Defendant hires dishwashers on a continuous basis and had several dishwasher openings at the time of Kess's application.

g.      On or around June 13, 2016, Defendant scheduled Kess for an interview as a dishwasher at its Linthicum Heights (Anne Arundel County), Maryland store.

h.      The interview was scheduled for on or around June 16, 2016.

i.      Defendant scheduled Kess to interview with a manager named Suzie Trader.

j.      On or around June 16, 2016, Kess arrived for the interview at the Linthicum, Maryland store on time and appropriately dressed.

k.      A store manager met with Kess in the front of the restaurant and told him that Suzie Trader was not there.

l.      The manager was visibly uncomfortable interacting with Kess who was attempting to communicate with her through written notes.

m.      The manager would not write notes back to Kess but simply mouthed the words "she's not here."

n.      It is Defendant's policy that when a person arrives for a job interview the interview is to be conducted by any manager available.

o.      The manager did not interview Kess or even ask his name.

p.      The manager dismissed Kess without informing him of Trader's future availability or attempting to reschedule the interview.

q.      Defendant did not hire Kess for the position.

r.      The position remained open.

s.      During the first three weeks of July 2016, Defendant hired three dishwashers who were not deaf to work in its Linthicum Heights, Maryland store.

t.      Defendant did not hire Kess because he is deaf.

14.    The effect of the practices complained of above in Paragraph 13 has been to deprive Kess, who was at all times qualified, of equal employment opportunities and otherwise adversely affect his rights under the ADA resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

15.    The unlawful employment practices complained of above were intentional.

16.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Kess.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B.      Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

C.      Order Defendant to make whole Kess by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

       D.      Order Defendant to make Kess whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 15 above;

       E.      Order Defendant to make Kess whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

       F.      Order Defendant to pay Kess punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability;

       G.      Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

       H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

       I.      Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/S
_____
DEBRA M. LAWRENCE
Regional Attorney


/S
_____
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

/S
_____
ERIC S. THOMPSON
Trial Attorney


UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201